UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK MICHAEL BELSER,

                Petitioner,

   v.

RON HAYNES,

               Respondent.

CASE NO. C20-5228 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 13, and Petitioner Patrick Belser's ("Belser") objections to the R&R, Dkt. 14.

On July 16, 2020, Judge Creatura issued the R&R recommending that the Court deny Belser's petition on the merits and deny a Certificate of Appealability. Dkt. 13. On July 28, 2020, Belser filed objections. Dkt. 14.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 1

1    In this case, Belser objects to the R&R's recommendations as to both of his grounds for relief.  First, Belser claims that he was not properly informed of the nature of his charges such that his decision to represent himself was not knowing and voluntary. The state court concluded that Belser was properly informed because (1) the trial judge informed Belser that if convicted, Belser could be sentenced to life in prison without the possibility of release; (2) Belser was provided a copy of the charging documents detailing the charges against him and that some charges involved serious offenses under the Persistent Offender Accountability Act; and (3) his appointed counsel stated on the record that she cautioned Belser against self-representation based on the seriousness of the charges against him.  Dkt. 11-1 at 32–33.  Belser has failed to establish that this conclusion is either contrary to or an unreasonable application of federal law as established by the Supreme Court.  Therefore, the Court adopts the R&R on this claim.

Second, Belser claims that his waiver was not knowing and voluntary because the trial judge did not inform him of the maximum possible sentence.  Belser is correct to the extent that the judge only informed Belser of the maximum possible penalty, which was life in prison under the state's indeterminate sentencing regime.  Belser argues that the judge erred because the judge informed Belser that the maximum sentence that could be imposed by the court was 280 months but ultimately imposed a sentence of 360 months. This error, Belser argues, undermines his waiver because the maximum potential penalty of life is imposed by a review board towards the end of Belser's court-imposed sentence. Thus, if Belser was successful before the review board, Belser could have waived his

right to counsel based on the judge's statement that the maximum potential sentence from the court was 280 months.

On this issue, the state court concluded that the record was sufficient to conclude that Belser was aware that the maximum sentence he could receive was life in prison. The court based this conclusion on (1) defense counsel's statement that she had discussed the sentencing consequences with Belser at length such that Belser was "well aware" of the consequences and (2) the trial court informed Belser of the possibility that he could serve the remainder of his life in prison. Dkt. 11-2 at 33. Belser fails to establish that either of these conclusions is contrary to or an unreasonable application of federal law. Regarding the contrary to standard, Belser has failed to provide, and the Court is unaware of, any Supreme Court authority holding that a trial judge must inform the defendant of the manner in which the maximum penalty of life in prison may be imposed. *See Williams v. Taylor*, 529 U.S. 362, 405 (2000) (relief is warranted if the state court's decision "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite] result."). In other words, Belser fails to provide any Supreme Court authority for the proposition that a trial judge must correctly inform a defendant of the maximum sentence the court may impose when the court correctly informs the defendant that the maximum possible penalty is life in prison. Thus, Belser fails to establish an entitlement to relief under this prong of § 2254(d).

Regarding the unreasonable application standard, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of

clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Under this demanding standard, Belser has failed to persuade the Court that the state court's conclusion was objectively unreasonable. The Court understands Belser's position that he could have waived his right to counsel under the presumption that the trial judge would at most impose a sentence of 280-months and then he would be released after a successful proceeding with the review board and that this ultimately was not true because the trial court imposed a sentence of 360-months, which must be served before he has an opportunity to engage the review board. Thus, the alleged error resulted in an increased maximum sentence of 80-months. The state court concluded that this potential misunderstanding was not legal error because Belser could remain incarcerated for life under indeterminate sentencing. This is not an unreasonable application of federal law because the Supreme Court has never "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *see also Dallio v. Spitzer*, 343 F.3d 553, 563 (2nd Cir. 2003) (The Court's reference in *Faretta v. California*, 422 U.S. 806 (1975), "to what 'should' be done in making a waiver record is more properly viewed as a strong admonition than as a legal mandate."). Instead, the "information a defendant must possess in order to make an intelligent election, . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or

easily grasped nature of the charge, and the stage of the proceeding." *Tovar*, 541 U.S. at 88. Under such general guidelines, Belser fails to establish that the state court's conclusion was objectively unreasonable. *See Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway [state] courts have in reaching outcomes in case-by-case determinations.").

Although Belser cites numerous Circuit and District Court authorities to support his position, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' 28 U.S.C. § 2254(d)(1)." *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting *Renico v. Lett*, 559 U.S. 766, 779 (2010)). Even if the Ninth Circuit's test is used as "a tool for illuminating the precise contours of [the relevant] law," *Lett*, 559 U.S. at 796 (Stevens, J., dissenting), the test requires only knowledge of "the possible penalties." *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2008) (citation omitted). Belser fails to persuade the Court that it was objectively unreasonable for the state court to conclude that knowledge of the possible penalties is satisfied by informing the defendant that he faces the maximum of life on an indeterminate basis. Therefore, the Court having considered the R&R, Belser's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Belser's Petition is **DENIED**;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

\

ORDER - 5

Dated this 24th day of September, 2020.

\
BENJAMIN H. SETTLE  
United States District Judge

ORDER - 6